UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KERBY,

                Plaintiff,

v.

PARSONS CORPORATION,

                Defendant.

NO. C06-687P

ORDER ON DEFENDANT'S MOTION TO DISMISS

       This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 17(a) & (b). (Dkt. No. 15). Having reviewed the papers and pleadings submitted by the parties, and finding that oral argument is not necessary to resolve this matter, the Court DENIES Defendant's motion.

       The Court further ORDERS the parties to make their initial disclosures by October 10, 2006 and to submit the combined joint status report and discovery plan by October 17, 2006. No further extensions for making initial disclosures or filing the joint status report will be granted. The reasons for the Court's order are set forth below.

**Background**

       In April 2005, Robison Construction, Inc. and RCI Environmental, Inc. (collectively "the Companies") entered into a stock purchase agreement with Defendant Parsons Corporation for $52

ORDER - 1

million. The agreement designated Plaintiff Michael Kerby, one of the nine shareholders in the Companies, as "Shareholder Representative." The agreement provides:

> Each of the Shareholders hereby appoints Michael W. Kerby (the "<u>Shareholder Representative</u>") . . . as the agent, proxy and attorney-in-fact for such Shareholder for all purposes under this Agreement (including full power and authority to act on such Shareholder's behalf) *to take any action, should he elect to do so in his sole discretion* . . . (ii) to conduct or cease to conduct, should he elect to do so in his sole discretion in the defense of all claims against the Shareholders in connection with this Agreement and settle or compromise all such claims in his sole discretion on behalf of the Shareholders and exercise any and all rights which the Shareholders are permitted or required to exercise under this Agreement . . . and (iv) *to take all other actions to be taken by or on behalf of the Shareholders and exercise any and all rights which the Shareholders are permitted* or required to do or exercise under this Agreement.

Agreement §11.5(a) (emphasis added).

The stock sale was conditioned upon certain representations and warranties made by the Companies' shareholders. The parties agreed to hold $2.5 million of the purchase price in escrow until Defendant was satisfied that these representations were correct. On March 28, 2006, Defendant submitted a Notice of Claim to Mr. Kerby, alleging that the shareholders had committed "breaches of warranty, misrepresentations, and nondisclosures." On May 16, 2006, Mr. Kerby as Shareholder Representative filed this complaint seeking declaratory relief and alleging breach of the purchase agreement.

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 17(a) and (b). Defendant argues that Mr. Kerby is not the real party in interest and that he does not have capacity to sue on behalf of the shareholders. Defendant has also moved to strike one of the declarations submitted by Mr. Kerby.

## Analysis

### A.     Real Party in Interest

First, Defendant maintains that Mr. Kerby is not the real party in interest to this action, arguing that "[t]he real parties in interest here are the former shareholders themselves." Defendant bases its argument on Federal Rule of Civil Procedure 17(a), which provides:

ORDER - 2

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. . . .  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

In response to Defendant's motion, Mr. Kerby has provided declarations from the eight other shareholders in which they ratify Mr. Kerby's filing of the action as Shareholder Representative. Mr. Kerby argues that these declarations render Defendant's motion moot. However, as Defendant notes, these ratifications are deficient because the shareholders do not indicate that they agree to be bound by the results of this action. See, e.g., Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 712 (9th Cir. 1992) ("A proper ratification pursuant to Rule 17(a) requires the ratifying party to: 1) authorize continuation of the action; and 2) agree to be bound by the lawsuit's result."). Although this deficiency could presumably be corrected, Plaintiff has not yet done so. Therefore, the Court proceeds to consider whether Mr. Kerby may be regarded as the real party in interest with respect to this dispute.

1. Applicable Law

The parties dispute which state law the Court should apply in resolving whether Mr. Kerby is the real party in interest. Defendant argues that New York law applies, noting that the stock purchase agreement states that the contract "shall be governed and construed in accordance with the domestic substantive laws of the State of New York, without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction." Agreement § 11.10. Despite this express provision, Mr. Kerby argues that the choice of law provision is unreasonable and that the court should apply Washington law instead.

ORDER - 3

Mr. Kerby bases his argument on Section 187 of the Restatement (Second) of Conflict of Laws.[1]  Section 187 provides, in relevant part:

> (1)  The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2)  The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless . . .
>
> > (a)  the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice . . . .

Invoking the provisions of Section 187(2)(a), Mr. Kerby argues that Washington law should apply because New York has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice to apply New York law.

The Court finds Mr. Kerby's argument unpersuasive for two reasons.  First, Mr. Kerby ignores Section 187(1) of the Restatement, which provides that the law chosen by the parties will apply "if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue."  Here, there is no apparent reason why the parties could not have resolved the "real party in interest" issue through an explicit provision in the agreement directed to that issue.  As a result, Section 187(1) would lead to the application of New York law to this issue.  Second, even if the provisions of Section 187(2)(a) were applicable, there would appear to be a reasonable basis for the parties to choose to have their contract governed by New York law.  It appears that Mr. Kerby is a resident of Washington state, while Parsons Corporation is incorporated in Delaware and has its principal place of business in California.  Given the multi-state nature of this transaction and the parties, it would not be unreasonable for the parties to choose to apply the law of another state in

---

[1] As Mr. Kerby notes, the Court applies Washington laws to resolve conflict of laws issues in diversity cases.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Washington courts have previously looked to Section 187 of the Restatement.  See O'Brien v. Shearson Hayden Stone, Inc., 90 Wn.2d 680, 685 (1978).

ORDER - 4

order to promote certainty in contract interpretation and to eliminate concerns that one party would benefit unduly by having the law of its home state apply. As the Restatement notes, "[c]ontracts are entered into for serious purposes and rarely, if ever, will the parties choose a law without good reason for doing so." Restatement (Second) of Conflict of Laws, § 187 cmt. f (1988). Contrary to Mr. Kerby's suggestion, there is no basis to conclude that the parties chose New York law simply "in the spirit of adventure or to provide mental exercise for the judge." Id.

2. Application of New York Law

Under New York law, the "real party in interest" is "the person who holds either the legal or equitable title to the claim which bottoms an action." Happell v. Genoese, 231 N.Y.S. 2d 155, 158 (N.Y. Sup. Ct. 1962). New York courts have also noted that "as a general rule of agency, an agent may be authorized to institute actions with respect to the subject matter of its agency." Facilities Dev. Corp. v. Oosterbaan, 505 N.Y.S. 2d 976, 978 (N.Y. Sup. Ct. 1986).

Citing cases from the 1940s, Defendant argues that Mr. Kerby cannot sue to enforce the contract as an "attorney-in-fact" or agent of the other shareholders. Application of Gill, 80 N.Y.S. 2d 400 (N.Y. Sup. Ct. 1948); Jurnas v. Nat'l City Bank, 76 N.Y.S. 2d 330 (N.Y. Sup. Ct. 1947). However, as Mr. Kerby notes, the cases cited by Plaintiff were decided under former New York Civil Practice Act Section 210, which was subsequently modified in 1950. See Feeter v. Van Scott Bros., Inc., 345 N.Y.S. 2d 374, 375-76 (N.Y. Sup. Ct. 1974). As such, the pre-amendment cases cited by Defendant are not persuasive.[2]

Given the plain language of the stock purchase agreement, the Court finds that Mr. Kerby may be regarded as the real party in interest to this litigation under New York law. Defendant claims that the language of the agreement does not expressly grant Mr. Kerby the right to file an action on behalf

---

[2] In any event, the Gill and Jurnas cases cited by Defendant are both factually distinguishable because the "attorney-in-fact" in those cases did not have a personal interest in the litigation. By contrast, Mr. Kerby is a shareholder in the Companies in addition to being the Shareholder Representative, and therefore has a personal interest in the litigation.

ORDER - 5

of the Companies' shareholders. However, the scope of Mr. Kerby's authority under the agreement is extremely broad. The agreement expressly provides Mr. Kerby with the power to "take all . . .actions to be taken by or on behalf of the Shareholders and exercise any and all rights which the Shareholders are permitted or required to do or exercise" under the Agreement.[3] This language is broad enough to provide Mr. Kerby with the authority to institute this lawsuit on behalf of the other shareholders.

Defendant argues that if Mr. Kerby is permitted to file suit on behalf of all shareholders, Defendant could be subjected to multiple suits filed by other shareholders. In response, Mr. Kerby notes that "nonparties may be collaterally estopped from relitigating issues necessarily decided in a suit brought by a party who acts as a fiduciary representative for the beneficial interest of the nonparties. In such cases, the beneficiaries are bound by the judgment with respect to the interest which was the subject of the fiduciary relationship." Sea-Land Servs., Inc. v. Gaudet, 414 U.S. 573, 593-94 (1974), superseded by statute on other grounds as noted in Miles v. Apex Marine Corp., 498 U.S. 19, 30 n.1 (1990). Here, since all shareholders have expressly appointed Mr. Kerby to act on their behalf, Defendant's concern about multiple litigation is not compelling.

Therefore, because the plain language of the stock purchase agreement authorizes Mr. Kerby to act on behalf of the shareholders in any action, the Court denies Defendant's motion to dismiss pursuant to Rule 17(a).

**B. Capacity to Sue**

Defendant next claims that Mr. Kerby lacks the capacity to bring suit on behalf of the shareholders. Federal Rule of Civil Procedure 17(b) provides:

---

[3] The agreement further provides that "[e]ach Shareholder unconditionally and irrevocably agrees to pay to the Shareholder Representative . . . its Shareholder's Percentage of any and all costs and expenses . . . incurred by the Shareholder Representative in connection with the . . . enforcement . . . of any rights under this Agreement." Agreement § 11.5(c) (emphasis added). As Mr. Kerby notes, this provision plainly contemplates that Mr. Kerby may enforce the agreement on behalf of the shareholders.

ORDER - 6

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued is determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution of the United States.

Consistent with the provisions of Rule 17(b), both sides agree that Washington law governs the capacity question.

To support its lack of capacity argument, Defendant cites Scott v. Goldman, 82 Wn. App. 1, 6 (1996). The court in Scott noted that "[c]ourts strictly construe the powers set forth in a general power of attorney" and that "the instrument will be held to grant only those powers which are specified, and the agent may neither go beyond nor deviate from the express provisions." Id. at 6 (internal citations omitted). Defendant claims that the stock purchase agreement does not grant Mr. Kerby the authority to initiate a suit on behalf of the other shareholders.

The Court disagrees. As noted above, the powers granted to Mr. Kerby by the agreement are extremely broad, including the authority to "take all . . . actions to be taken by or on behalf of the Shareholders and exercise any and all rights which the Shareholders are permitted or required to do or exercise" under the Agreement. These powers plainly encompass the right to initiate a lawsuit on behalf of the shareholders to enforce the agreement. Therefore, the Court denies Defendant's motion to dismiss under Rule 17(b).

**C.     Motion to Strike**

Finally, Defendant has moved to strike the declaration of Steven J. Hopp. Because it is not necessary for the Court to consider Mr. Hopp's declaration in ruling on the pending motion, the Court denies the motion to strike as moot.

ORDER - 7

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss is DENIED. The Court further ORDERS the parties to make their initial disclosures by October 10, 2006 and to file their combined joint status report and discovery plan by October 17, 2006. No further extensions for making initial disclosures or filing the joint status report will be granted.

The clerk is directed to send copies of this order to all counsel of record.

Dated: October 2, 2006

                                  s/Marsha J. Pechman
                                  Marsha J. Pechman
                                  United States District Judge

ORDER - 8