UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KERBY,

        Plaintiff,

  v.

PARSONS CORPORATION,

        Defendant.

NO. C06-687MJP

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 87.) The Court, having reviewed all documents submitted by the parties and the record, DENIES Defendant's motion. The Court also finds that Plaintiff's cross-motion for summary judgment on Defendant's claim that Plaintiff misrepresented the Final Working Capital Statement ("FWCS") is moot because the Court previously issued an order that resolves this issue.

**Background**

Robison Construction, Inc. ("RCI"), a closely-held Washington-based construction company, had nine shareholders, including Plaintiff Michael Kerby. In April 2005, RCI entered into a Stock Purchase Agreement ("SPA") with Defendant Parsons Corporation, under which Defendant purchased RCI for $52 million. The SPA provided that $5 million of the $52 million purchase price would be held back in two escrow accounts holding $2.5 million each. One of these escrow accounts was the "Indemnity Escrow Holdback," and it was to be released to the shareholders within 12 months of the

ORDER - 1

sale unless Defendant sought indemnification from the shareholders pursuant to the indemnification section in the SPA.

On March 28, 2006, 11 months after the sale, Defendant provided a Notice of Claim ("Notice") seeking indemnification from the shareholders based on the shareholders' alleged breach of various representations and warranties in the SPA. On May 16, 2006, Plaintiff (as representative of the shareholders) filed suit in this Court for a declaration that the shareholders did not breach the SPA and were thus entitled to the Indemnity Escrow Holdback. The complaint also alleged that Defendant breached the SPA by seeking indemnification from the shareholders without meeting the Notice of Claim requirements set forth in SPA §10.2(a). Defendant filed several counterclaims.

Defendant has filed a motion for summary judgment on Plaintiff's breach of contract and declaratory judgment claims. In reply, Plaintiff cross-moved for summary judgment on Defendant's claim that the shareholders misrepresented the FWCS.

**Choice of Law**

The SPA provides that "[t]his Agreement shall be governed by and construed in accordance with the domestic substantive laws of the State of New York." (Dkt. No. 15-3 at 50.) Plaintiff's claim that Defendant breached SPA 10.2(a), as well as Defendant's claim that the shareholders misrepresented the FWCS, are governed by New York law because these are contractual claims brought under the SPA. Defendant's motion for summary judgment on Plaintiff's declaratory judgment claim involves no substantive contractual issue but a procedural issue: whether a federal court may grant Plaintiff's request for declaratory relief under the Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202. (See Dkt. No. 1 at 5.)

**Analysis**

**I.   Summary judgment standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue of material

ORDER - 2

fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). In making this inquiry, a court must draw all justifiable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

**II.     Summary judgment is not appropriate on Plaintiff's claim that Defendant breached SPA §10.2(a)**

Plaintiff claims Defendant breached SPA §10.2(a) because Defendant did not submit the Notice of Claim stating a good faith basis for indemnification. (Dkt. No. 90 at 7.) SPA §10.2(a) required that Defendant's "Notice of Claim ... state the nature and basis of said claim ... the amount thereof to the extent known and the good faith basis of the Buyer's belief that such Indemnified Party is or may be entitled to indemnification." (Dkt. No. 15-2 at 42.) Plaintiff argues that Defendant did not have a "good faith basis" for submitting the Notice because 1) the Notice "was not based upon existing facts or substantiated in any fashion" and 2) Defendant "engaged in a pattern of delay intended to buy itself time to ... justify its submission of [the Notice]." (Dkt. No. 90 at 12.) Defendant argues that Plaintiff points to no evidence that Defendant submitted the Notice in bad faith (Dkt. No. 92 at 3-4), and maintains that its Notice complied with all the SPA requirements. (Dkt. No. 87 at 9-11.) Neither Plaintiff nor Defendant cites any legal authority to support their respective positions on this issue.

The moving party must demonstrate that it is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Defendant cannot meet this burden when it cites no case law or other legal authority for its arguments on Plaintiff's breach of contract claim. See, e.g., Blankenship v. Cox, 2007 WL 844891 at *12 (D. Nev. Mar. 19, 2007) (denying summary judgment in similar situation and noting "[i]t is not the court's duty to do Defendant's legal research").

Even overlooking Defendant's failure to cite to any legal authority, the Court finds summary judgment inappropriate because SPA §10.2(a) is ambiguous. A contract term is ambiguous if it has at least two reasonable interpretations. Yanuck v. Simon Paston & Sons Agency, Inc., 209 A.D. 2d 207,

**ORDER - 3**

208 (N.Y. App. Div. 1994). In such a case, intent must be gleaned from disputed evidence or from inferences outside of the written word. Id. When intent of parties becomes a matter of inquiry, there is a question of fact that cannot be resolved on summary judgment. Ruttenberg v. Davidge Data Sys. Corp., 215 A.D.2d 191, 193 (N.Y. App. Div. 1995).

SPA §10.2(a) requires Defendant's "Notice of Claim [to] ... state the nature and basis of said claim or event." (Dkt. No. 15-2 at 42.) (emphasis added) Here, reasonable persons could read the term "state ... the basis" as meaning either: 1) the basis of the claim may be stated in conclusory, general terms, as Defendant did in this case; or 2) the basis of the claim must be stated in greater detail, as suggested by Plaintiff. Because the term is ambiguous, the Court cannot resolve its meaning on summary judgment.

Plaintiff also argues that Defendant did not have a "good faith basis" for submitting the Notice because 1) the Notice "was not based upon existing facts or substantiated in any fashion" (Dkt. No. 90 at 12), and 2) Defendant "engaged in a pattern of delay intended to buy itself time to ... justify its submission of [the Notice]." (Id.) Whether conduct violates the duty of good faith depends upon the facts of the case, and is usually a factual question for the jury. Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 487 F.3d 89, 99 (2d Cir. 2007) (applying New York law). Drawing all reasonable inferences in favor of the nonmoving party, Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990), the Court finds that Plaintiff raises a fact issue on whether Defendant submitted the Notice in good faith.

**III.    Summary Judgment is not appropriate for Plaintiff's request for Declaratory Judgment**

Defendant also moves for summary judgment on Plaintiff's declaratory judgment claim. Defendant argues that this claim is inappropriate because it would not resolve all controversies between the parties and is not "fit" for review. (Dkt. No. 87 at 11-14.)

Plaintiff "seeks a declaration that the Shareholders have not breached any representations or warranties under the [SPA], nor failed to disclose material adverse information to Parsons, as alleged

**ORDER - 4**

1 in the Notice of Claim, and are therefore entitled to payment of the $2.5 million Holdback." (Dkt. No.

2 1 at ¶ 4.2). District courts have discretion in deciding whether to entertain an action under Declaratory

3 Judgment Act. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Such discretion must be

4 reasonably exercised. Sani-Top, Inc. v. North Am. Aviation, Inc., 261 F.2d 342, 345 (9th Cir. 1958).

5 The district court must balance concerns of judicial administration, comity, and fairness to litigants.

6 Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005).

7       Plaintiff argues that Defendant froze the $2.5 million in escrow when Defendant filed the

8 Notice, and Defendant was under no legal compulsion to seek adjudication of the issues raised in the

9 Notice. (Dkt. No. 90 at 5.) Plaintiff argues that Defendant sought delays to avoid substantiating the

10 Notice. (Dkt. No. 90, at 7-12.) As Plaintiff notes, "[d]eclaratory judgment was designed to relieve

11 such situation when potential defendants from the Damoclean threat of impending litigation which a

12 harassing adversary might brandish, while initiating suit at his leisure or never." Societe de

13 Conditionnement en Aluminium v. Hunter Eng'g Co., 655 F.2d 938, 943 (9th Cir. 1981).

14       Defendant claims declaratory relief is only appropriate if such relief will "settle all aspects of

15 the controversy." (Dkt. No. 87 at 12.) However, the Ninth Circuit has held that "a declaratory

16 judgment need not resolve all the issues in controversy, as long as it resolves a significant disputed

17 issue." U.S. v. State of Wash.,759 F.2d 1353, 1364 (9th Cir. 1985). The Declaratory Judgment Act

18 recognizes this possibility when it authorizes the use of a declaratory judgment "whether or not further

19 relief is or could be sought." Id. (citing 28 U.S.C. § 2201). That declaratory relief settles "all aspects"

20 is one among many factors courts consider in the balancing test for granting declaratory relief. See

21 Robinson, 394 F.3d at 673.

22       Citing U.S. v. Braren, 338 F.3d 971 (9th Cir. 2003), Defendant also asserts that declaratory

23 relief is only available if the issues raised are primarily legal and do not require further factual

24 development. (Dkt. No. 87 at 14.) However, Braren involved a constitutional challenge to an

25 administrative agency action, in which the court held the dispute was not ripe for review because

26 **ORDER - 5**

further factual development was required. See 338 F.3d at 975-76. The ripeness test in the review of administrative actions does not extend to private party contract disputes such as this SPA dispute. See Robinson, 394 F.3d at 671.

### IV. Plaintiff's cross-motion to dismiss Defendant's FWCS claim is moot

Plaintiff cross-moves for summary judgment on Defendant's claim that Plaintiff misrepresented the FWCS, arguing that such claim is time-barred under the SPA. Plaintiff's cross-motion is moot because the Court, in a previous order on Plaintiff's summary judgment motion, held that Defendant is precluded from contesting the FWCS. (Dkt. No. 94 at 6.) Defendant filed a motion for reconsideration on this order (Dkt. No. 98) and the Court has called for a response from Plaintiff. If the Court grants Defendant's motion, then the Court will address Plaintiff's cross motion for summary judgment on the FWCS in the order on Defendant's motion for reconsideration.

## Conclusion

The Court DENIES Defendant's motion for summary judgment on Plaintiff's breach of contract claim because: (1) the SPA's requirement that Defendant "state ... the basis" for its claim is ambiguous; (2) there is an issue of fact as to whether Defendant submitted the Notice in good faith. The Court also rejects Defendant's argument that Plaintiff's declaratory judgment claim is inappropriate.

Plaintiff's cross-motion for summary judgment regarding the FWCS is moot in light of the Court's earlier order on Plaintiff's motion for summary judgment. However, if the Court grants Defendant's pending motion for reconsideration of the order, the Court will address Plaintiff's cross-motion in its order on Defendant's motion for reconsideration.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 31, 2007

                                              s/Marsha J. Pechman
                                              Marsha J. Pechman
                                              United States District Judge

**ORDER - 6**