UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KERBY,

    Plaintiff,

v.

PARSONS CORPORATION,

    Defendant.

NO. C06-687MJP

ORDER ON PARSONS CORPORATION'S MOTION TO RECONSIDER RULING RE FINAL WORKING CAPITAL STATEMENT

This matter comes before the Court on Defendant Parsons Corporation's "Motion to Reconsider Ruling Re Final Working Capital Statement." (Dkt. No. 98.) Defendant seeks reconsideration of a portion of the Court's order of July 16, 2007. (Dkt. No. 94.) Pursuant to Local Civil Rule 7(h), the Court requested a response from Plaintiff regarding this motion. Having reviewed the materials submitted by the parties and the underlying order, the Court DENIES Defendant's motion for the reasons stated below.

**Background**

The Court's order of July 16, 2007, granted in part and denied in part Plaintiff's motion for summary judgment on Defendant's counterclaims. Among other things, the Court held that Defendant could not base its breach of contract counterclaim on its allegation that the Shareholders breached Section 1.6 of the parties' Stock Purchase Agreement (SPA). (Order at 6.) Section 1.6 of the SPA required the Shareholders to submit a Final Working Capital Statement (FWCS) to Defendant. Section 1.6(c) of the SPA provided that the FWCS shall be deemed "binding and conclusive" within

ORDER - 1

30 days of its receipt. Id. The Court found that this provision "precludes Parsons from challenging the Shareholders' calculation of the FWCS, since the 30 day window for contesting the FWCS has long since passed." Id.

In its opposition to Plaintiff's motion, Defendant argued that it could challenge the FWCS on the theory that the Shareholders committed fraud in creating it. However, the Court observed that New York law (which governs the SPA) requires fraud to be pled with particularity, including the defendant's knowledge of the alleged misrepresentation. The Court noted that Defendant "had not pled that the Shareholders knew of the falsity of their alleged misrepresentations when calculating the FWCS." Id. The Court concluded "[b]ecause Parsons has not pled the knowledge element of fraud with respect to the FWCS, it cannot attack the [FWCS] as a product of fraud" and that the FWCS "must be deemed binding and conclusive as required by SPA section 1.6(c)." Id. at 7. Defendant now seeks reconsideration of this ruling.

**Analysis**

Under Local Civil Rule 7(h), motions for reconsideration are disfavored and will ordinarily be denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. The Court evaluates Defendant's motion consistent with this standard.

Defendant argues that the Court erred for two reasons: (1) the relevant question on Plaintiff's summary judgment motion did not concern the sufficiency of pleading, but whether there was a genuine issue of material fact that the FWCS was "tainted by fraud"; and (2) "the requirement that fraud be pled with particularity is a principle of tort law applicable to claims seeking affirmative recovery for fraud and has not been extended to claims for breach of contract in which a party seeks to avoid the application of a particular contract clause by alleging that the other contracting party engaged in fraudulent conduct." (Motion at 2-3.)

ORDER - 2

1  The Court finds Defendant's first point unpersuasive. Plaintiff's summary judgment motion
2  argued that Defendant could not challenge the FWCS because Defendant had not objected to the
3  FWCS within the time prescribed by Section 1.6(c) of the SPA. In its response, Defendant argued for
4  the first time that it had not been able to challenge the FWCS earlier due to alleged fraud by the
5  Shareholders. In reply, Plaintiff noted that Defendant had not pleaded facts supporting fraud in its
6  counterclaims. Because Defendant raised fraud issues for the first time in its response to Plaintiff's
7  summary judgment motion, the Court considered whether Defendant had sufficiently alleged fraud in
8  its counterclaims.

9  Defendant also asserts that the requirement that fraud be pled with particularity is a "principle
10  of tort law" that is applicable to "claims seeking affirmative recovery for fraud." However, the
11  pleading requirements for fraud are not limited to such claims. Fed. R. Civ. P. 9(b) provides that "[i]n
12  all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with
13  particularity." As Plaintiff notes, courts have held that "Rule 9(b) extends to all averments of fraud or
14  mistake, whatever may be the theory of legal duty – statutory, common law, tort, contract, or
15  fiduciary." Frota v. Prudential-Bache Secs., Inc., 639 F. Supp. 1186, 1193 (S.D.N.Y. 1986). See also
16  Vess v. CIBA-GEIGY Corp., USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (Rule 9(b) applies to any
17  claim "grounded in fraud"). Defendant offers no persuasive authority indicating that the fraud
18  pleading requirements are inapplicable to the situation presented here, where Defendant is asserting
19  that fraudulent conduct by the Shareholders prevented Parsons from challenging the FWCS within the
20  time prescribed by the SPA.

21  **Conclusion**

22  Defendant has not identified manifest error in the Court's order, nor has it provided new facts
23  or legal authority which could not have been brought to the Court's attention earlier through
24  reasonable diligence. Therefore, Defendant's motion for reconsideration of the Court's July 16th
25  order is DENIED.

26  ORDER - 3

1 | The Clerk is directed to send copies of this order to all counsel of record.

2 | Dated: September 6, 2007

3 |                                              s/Marsha J. Pechman
                                                 Marsha J. Pechman
4 |                                              United States District Judge

26 | ORDER - 4